■ In the Matter of KAREN HEINTZ, Appellant, v LEE P. BROWN, as Police Commissioner of the City of New York, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered August 28, 1990, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination denying her a line-of-duty designation for a back injury, unanimously affirmed, without costs.

While on duty, petitioner, a New York City police officer, entered the women's bathroom, slipped and fell on a puddle of water, and injured her back. Petitioner's account of the incident was confirmed by an eyewitness, but her supervisor, who investigated the claim that same day, denied line-of-duty designation on the ground that petitioner was negligent in failing to perceive a risk in treading on an obviously wet floor, which conclusion was ultimately adopted by respondent after further review. Petitioner takes issue, arguing that her injury was incurred "without fault or misconduct" on her part within the meaning of Administrative Code of the City of New York § 12-127 (b). Given that petitioner's supervisor investigated the incident the day it occurred and questioned peti-

tioner immediately thereafter, and that his denial of the claim was later reviewed by respondent Commissioner, it cannot be said that there was no rational basis for respondent's exercise of discretion or that the action complained of was arbitrary and capricious. Concur—Carro, J. P., Wallach, Kupferman, Asch and Kassal, JJ.